Shaw, C. J.
It appears to us, that upon the main question, this case must be governed by that of Newhall v. Clark, 3 Cush. 376. The acceptance was strictly conditional, binding only upon the happening of a condition precedent, which never did happen. The instruction on the point of waiver was correct.
It is urged, that the judge erred in charging the jury that the plaintiff’s right to recover depended upon his having waived the condition of the contract, not of the acceptance. But the one depended on the other; the very ground of the defence is, that he waived the condition of the acceptance, by waiving or dispensing with the performance of the contract.
In the bill of exceptions it is stated, that the judge instructed the jury, that if the defendant had waived the condition of the contract, as to the value of the house, by accepting the house actually built, as for the house provided for in the contract, or otherwise waived it, the action' might be maintained; otherwise not. This was sufficiently favorable for the plaintiff. In referring to the contract, which is made part of the case, it appears that this house was not building for the defendant, or on his account, or at his expense. He was in no event to be responsible for labor or materials. He owned the land, and, by the same contract, covenanted to convey it to the Osborns, at an agreed price; and as they proposed to build a house upon it, on their own account, he agreed to advance them $1,200 by way of loan, in three instalments, the last payable when the house should be completed. The defendant retained the legal title, with the value added to the realty by the erection of the house, as security for the price *566 of the land and advances. He had no option to accept the house or not. It was built on his own land, and whether of the value or quality stipulated, and whether completed, or not, the land and house were all the security he had for the pin-chase money or his advances. The condition of the defendant’s acceptance, therefore, was a condition that the drawers should complete the house according to contract, and if there was no waiver of that condition, the plaintiff had no case.

Exceptions overruled.